IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION DIVISION
CIVIL ACTION NO. 9:10-CV-3227-SB

| | |
|---|---|
| Jeremy Glenn Ahlum, Mark William Emery, and James Gary Gain, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>Town of Ridgeland, Ridgeland Police Department, Gary Hodges, Richard V. Woods, Officer J. Lowther, Officer B. Dobbs, Officer D. R. Swinehamer, and iTraffic Safety, LLC,<br><br>    Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND** |

The Town of Ridgeland Defendants will attempt to be brief in response to plaintiff's second motion to amend filed March 21, 2011. Each time defendants file a motion to dismiss, the plaintiffs respond with yet another amended complaint. However, each proposed amended complaint fails to address the fundamental problems raised by the defendants' prior motions to dismiss. Substantial briefing has been done with regards to these issues and there is little new argument to add. The Town of Ridgeland incorporates by reference its previously filed memoranda and the arguments raised by co-defendant, iTraffic.

In addition to approximately 25 new factual allegations, the second amended complaint includes allegations relating to two persons who appeared through counsel in municipal court and whose tickets were dismissed in open court by the officers who wrote the tickets.

This creates three broad categories of plaintiffs. The first category of plaintiffs are

those whose cases are over by virtue of a bond forfeiture.    Plaintiffs Ahlum, Emery, and Gain allege they were mailed tickets, sent in the bond amount, and their bond was forfeited.   Under principles of res judicata, collateral estoppel, the favorable termination rule of Heck v. Humphrey[1], and the Rooker-Feldman doctrine, those persons are prevented from relitigating issues that were raised or which could have been raised in their case regardless of the name assigned to their causes of action.   By forfeiting bond, they made an appearance, waived any alleged defects in service or jurisdiction[2], and entered the equivalent of a guilty plea.[3]   These persons are precluded from relitigating whether there was probable cause, the manner of service of the ticket, the amount of their fine and all other issues that were or which could have been raised in municipal court.   This issue was extensively briefed by the Town defendants in the initial motion to dismiss and in response to the proposed first amended complaint.

The second category of plaintiffs are those who have not yet had their day in court.  Plaintiffs Bognar, Skorjanc, and Liebrecht allege they received tickets and are awaiting jury trials.  If there is a pending criminal state court case, those persons cannot request that the

---

[1]   512 U.S. 477 (1994)

[2]   State v. Langford, 223 S.C. 20, 73 S.E.2d 854 (1953)

[3]   S.C. Code § 56-5-6220.  As a result, persons charged with traffic offenses do not need to be tried in abstensia if bond has been posted.   Plaintiffs makes the rather strained argument that the Town of Ridgeland offense of "Careless Operation of Vehicle" is not a "traffic offense" because the ordinance uses the otherwise undefined term "public ways" which plaintiffs reason could include sidewalks other structures considered component parts of roadways.   Respectfully, (a) state law provides that the terms highway, street and road include those rights of way and pedestrian faciles (b) none of these iTraffic tickets relate to speeding on sidewalks or other appurtances to the roadway and (c) such an offense would still be in the nature of a violation of the "traffic laws" of this State pursuant to  § 56-5-6220.

court conduct a parallel proceeding due to the Younger abstention doctrine.  Again, that issue was extensively briefed by the Town defendants and iTraffic and those arguments are incorporated by reference.

By way of a third category, Plaintiffs Selander and Goodman, appeared through counsel in municipal court and their tickets were dismissed by the officers.  Under these facts, plaintiffs were afforded due process and the charges against them were dismissed. While these defendants are not blocked by res judicata, Heck, or Rooker-Feldman, they are still blocked by the concept that there is no protected property interest in speeding. There is no standing for these individuals to seek an injunction. Finally, these defendants have not paid a fine and the fine is not a part of their damages.

For the reasons stated by the Town defendants and iTraffic in the memorandum filed to date, the defendants' motion to dismiss should b granted and the motions to amend should be denied as futile.

s/Timothy A. Domin
Timothy A. Domin (#5828)
CLAWSON & STAUBES, LLC
126 Seven Farms Dr., Suite 200
Charleston, South Carolina 29492-8144
(843) 577-2026

Attorneys for Defendants, Town of Ridgeland, Ridgeland Police Department, Gary Hodges, Richard V. Woods, Officer J. Lowther, Officer B. Dobbs, Officer D. R. Swinehamer

Charleston, South Carolina

April 7, 2011