IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| MARCOS BOGNAR, ANDREW SKORJANC, PAUL C. LIEBRECHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-versus-<br><br>TOWN OF RIDGELAND, RIDGELAND POLICE DEPARTMENT, GARY HODGES, RICHARD V. WOODS, and iTRAFFIC SAFETY, LLC,<br><br>Defendants. | C.A. No.: 9:10-cv-3227-SB<br><br><br><br>**iTRAFFIC SAFETY, LLC'S SECOND MOTION TO DISMISS** |

TO:   J. PRESTON STROM, JR., ESQUIRE, ATTORNEY FOR THE PLAINTIFF:

The Defendant, iTraffic Safety, LLC ("Defendant") renew their prior Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. This motion follows Plaintiffs submission of their First Amended Complaint and the Court's April 28, 2011, Order which granted Defendant's earlier motion to dismiss, but allowed a limited amendment to the Complaint. See [Doc. #31].[1] In addition to the three new Plaintiffs, the Plaintiffs' First Amended Complaint asserts three causes of action:  1) 18 U.S.C. § 1962(c) violations; 2) 18 U.S.C. § 1962(d) violations ("RICO"); and 3) civil conspiracy. The sole remaining "class" of persons within this lawsuit are those persons who have demanded a jury trial in the pending criminal matter, but who have not yet

---

[1] The first amended complaint replaces the dismissed Plaintiffs with three (3) new individuals, to wit: Marcos Bognar, Andrew Skorjanc, and Paul C. Liebrecht (collectively "Plaintiffs").

received a jury trial.  See [Doc. #31].

While the Plaintiffs have filed an amended complaint, dismissal of the same remains appropriate for many of the reasons previously explained to the Court.  Dismissal is proper because the Plaintiffs' (1) lack standing to seek redress because they have suffered no injury in fact; (2) the claims are not ripe; and (3) their civil conspiracy claim fails as a matter of law because they have alleged no "special damages" and the RICO claims fail as a matter of law because the claims defy "logic and judicial experience" making them subject to dismissal under Twombly and its progeny.

## I.  LAW AND ANALYSIS

### A.     THE 12(B)(1) AND (6) STANDARDS

The Court should view the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts as true.  Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Importantly, it is not enough merely to plead conclusory statements of injury and standing.  Instead, the pleading burden set forth by the United States Supreme Court requires that plaintiff plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  The Fourth Circuit recently reinforced what it means to satisfy this standard by quoting Twombly: "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)(quoting Twombly, 550 U.S. at 555).

"[A] standing argument can be properly made under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. However, '[a] challenge to the standing of a party raises the issue of justiciability and implicates the subject matter of a federal district court.'" Moss v. Spartanburg County Sch. District, 676 F. Supp.2d 452, 456 n.1 (D.S.C. 2009). "Therefore, a motion to dismiss for want of standing is properly brought under Rule 12(b)(1)." Id. Whether a plaintiff in federal court has standing to maintain an action is a question of federal, not state law. See Phillips Petrol Co. v. Shutts, 472 U.S. 797, 804 (1985) ("standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court"); White v. National Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990)("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction.").

    **B.**    **FACTUAL PREMISE FOR PLAINTIFFS' CLAIM AS TO THE DEFENDANT.**

The Plaintiffs are individuals who have received speeding tickets from the Town of Ridgeland via an automated machine which photographs the vehicle and driver and thereafter the municipality issues a uniform traffic citation. [Doc. #33 at ¶¶ 13–58]. Plaintiffs contend that the Town of Ridgeland ("Town") began enforcing a municipal ordinance in July 2010 in collaboration with a company known as iTraffic to catch speeding drivers using a recreational vehicle stationed on the interstate which is armed with a video camera and radar. Id. at 13-15. Plaintiffs allege the true purpose of the program is to "generate revenue." Id. at 15. The Plaintiffs allege that iTraffic receives a share of the profits generated from the tickets. Id. at 18. The complaint alleges that "Defendants never intend to try Plaintiffs or class members to a jury and upon information and belief, Defendants have not called any cases to a jury trial." [Doc. #33 at ¶ 16].

The Plaintiffs latest complaint is found at Doc. #33. In the amended complaint, much of

what was previously alleged remains. New Plaintiffs are added and the number of causes of action are reduced, but the tenor of the suit remains constant.[2] Many of the new allegations are quotes or <u>interpretations</u> of materials obtained from the Town in a FOIA request. Although the new allegations show iTraffic's involvement in traffic enforcement program, the allegations only show iTraffic's interest in maximizing the use of its equipment and suggestions to assure the best use. For example, in ¶ 25 [Doc. #33], Plaintiffs' allege generally that Defendants: 1) operate equipment when most cars are passing; and 2) operate equipment during the hours when more cars are passing at 85 mph or above. Plaintiffs take a huge leap of logic to allege these general facts support theories of conspiracy or racketeering. Simply put, these facts do not support those theories, but do logically support the Town's interest to efficiently utilize the equipment, to identify speeders, and improve safety.

The Plaintiffs did not state any new legal allegations, except to the extent that the Amended Complaint *infers* that the Plaintiffs cannot receive a jury trial to contest the traffic tickets. Ultimately, it is this conclusion by the Plaintiffs which they now use to support their RICO/conspiracy claims. The conclusions *do not* allege that iTraffic has any control over the decision to try these cases or not.

Plaintiffs fail to cite to any new "factual" allegations related to the jury trial issue to

---

[2] Some of the "factual" allegations are nothing more than pure speculation, i.e., Plaintiffs summarize the Defendants' efforts to maximize the numbers of speeders captured in ¶ 26 [Doc. 333] as follows "None of the directives from Jason Cox address public safety but rather suggest Defendants motivation is to maximize profit in the police efforts." None of the e-mails or letters use the word "profit" or "suggest" revenue is the focus of the effort. Rather, all e-mails and letters indicate increasing the likelihood of capturing speeders. These unwarranted conclusions by Plaintiffs have already been addressed and do not survive the <u>Twombly</u> and <u>Iqbal</u> criteria to determine the legal sufficiency of a complaint.

overcome their lack of specificity supporting the RICO claims in the prior complaints. As previously briefed, the Plaintiffs' unreasonable interpretation of the e-mails and letters does not negate the reasonable interpretation that catching and fining speeders is intended to reduce the number of speeders and reduce the risk of accidents. These "conclusions" of impropriety on the part of the governmental entities and iTraffic are nothing more than that – conclusory arguments – which are not sufficient under Twombly and its progeny.

Importantly, the complaint *does not* allege that iTraffic has any control over when or if a ticket is called to trial. The complaint *does not* allege that a jury trial cannot be conducted in Ridgeland. The complaint *does not* allege that the purpose for which this program was created was to deprive persons of a jury trial. Finally, the complaint *does not* allege that iTraffic has the authority to prosecute, dismiss, stay, or otherwise control the judicial docket in Ridgeland. Thus, it is these missing allegations which are fatal to the Plaintiffs complaint, because iTraffic does not – and it is not alleged – that iTraffic has authority to control the judicial process.[3]

### 1. PLAINTIFFS CANNOT SUE iTRAFFIC UNDER RICO BECAUSE THEY LACK STANDING TO DO SO AND IN LIGHT OF THE YOUNGER ABSTENTION DOCTRINE.[4]

The United States Supreme Court, Fourth Circuit Court of Appeals, and the United States District Court for South Carolina have all held that there are three requisites for standing:

---

[3] It is noteworthy to point out, the Plaintiffs continue to conclude that the mailing of a ticket to a traffic offender is *per se* illegal under any circumstance, but ignore the fact that iTraffic does not mail the ticket. Regardless, there are statutes that allow traffic incidents to be mailed to offenders by mail. See, S.C. CODE ANN. §§ 15-9-360; 15-9-370; 15-9-380.

[4] To the extent necessary, the Defendant adopts by reference, pursuant to Rule 10 of the FEDERAL RULES OF CIVIL PROCEDURE and adopts as if fully stated herein its previous arguments and briefs filed with the court.

> 1. First the plaintiff must have suffered and 'injury in fact' – an invasion of a legally protected interest which is (a) concrete, and particularized, and (b) actual or imminent.
>
> 2. Second there must be a causal connection between the injury and the conduct complained of, i.e. the injury has to be fairly traceable to the challenged action of the defendant.
>
> 3. Third, it must be likely that the injury will be redressed by a decision favorable to the plaintiffs.
>
> In the shorthand analysis of standing, these three basic requirements are referred to as injury-in-fact, causation, and redressability."
>
> Planned Parenthood v. Boykin Rose, 236 F. Supp.2d 564, 567 (D.S.C. 2002), *aff'd*, 2004 U.S. App. LEXIS 5342 (4th Cir. 2004); Lugan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

In this case, Plaintiffs cannot satisfy any of the three requisite elements.

First, the Plaintiff has not suffered an "injury in fact" *at the hand* of iTraffic. A person complaining that a defendant's actions will make criminal activity more difficult lacks standing because his interest is not "legally protected." Initiative Referendum Inst., v. Walker, 450 F.3d 1082, 1093 (10th Cir. 2006). (citing 13 Charles Alan Wright, et al., *Federal Practice and Procedure* §3531.4 (2d ed. Supp.2005). Without the invasion of a "legally protected" interest, there can be no "actual injury" for Article III standing purposes. Here, the Plaintiffs are not arguing they did not commit a crime, rather they imply that they cannot receive a jury trial – though one has been demanded. Plaintiff's do not, however, allege that a speedy trial motion has been denied, nor does it allege that a jury trial has actually been sought and denied versus requested and not called for trial. The Plaintiffs do not allege that iTraffic serves as the prosecutor, the clerk of court, the judge, or otherwise have any ability to control the docket of the traffic court in Ridgeland. In short, they have not alleged these facts because they do not exist. If there is a deprivation of a jury trial – which is

denied – it does not come at the hand of iTraffic, nor is it alleged as such.

Even assuming, *arguendo*, that a jury trial is being denied to the Plaintiffs, the relief sought from the Plaintiffs presumably would be either 1) that a jury trial be provided; or 2) a dismissal of the action. See State v. Evans, 688 S.E.2d 583 (S.C. Ct. App. 2009)(setting forth elements for failure to provide speedy trial which justify dismissal of case); State v. Dukes, 182 S.E.2d 286, 288 (S.C. 1971)("A speedy trial does not mean an immediate one. . . it simply means a trial without unreasonable and unnecessary delay").  This relief that *can be* obtained in the criminal proceeding via motion to dismiss for failure to provide a jury trial/failure to prosecute and/or violation of the Supreme Court of South Carolina's recent Order surrounding trials in municipal court.[5]  Instead of challenging the criminal charges in the pending criminal proceeding, they come to federal court seeking a dismissal of the criminal proceeding itself.  There is no actual or imminent harm.  There is no harm since the proposed new Plaintiffs have the right to contest these criminal charges in the criminal proceeding itself.  If successful by way of defense verdict and/or dismissal, there is no harm to Plaintiffs, because there has been no harm to them for the reasons previously articulated by the Court.

Second, even if it were assumed that the Plaintiffs had been injured by iTraffic, that injury must be "causally" connected to the acts of iTraffic.  This cannot occur because by the Plaintiffs own proposed pleading, iTraffic has done nothing – factually – related to the trial and/or lack thereof except enter into an agreement with the Town of Ridgeland and provide its law enforcement

---

[5] The Supreme Court of South Carolina now requires that jury trials involving traffic offenses be tried within 120 days.  The Order was entered on February 14, 2011.  Upon information and belief, the Plaintiff's tickets have been or may be dismissed due to this Order.  If true, this lawsuit should be dismissed for the same reasons/holding as the Court articulated in its April 28, 2011, Order/Ruling.

department with information for it to use, if it chooses, in the enforcement of its traffic laws. Thus, there can be no causal link between alleged the injury and the act(s) of iTraffic as it relates to the jury trial demand.

Third, even assuming an injury exists, the same must be redressed by a favorable decision in this Court. Here, the redress would be for a dismissal of the underlying criminal action. This can be achieved via the actual criminal proceeding. Therefore, while this court could provide redress in the form of a dismissal, the same interferes with a pending criminal state court prosecution. The Supreme Court has held that a "federal court should not equitably interfere with state criminal proceedings expect in the most narrow and extraordinary of circumstances." Younger v. Harris, 401 U.S. 37 (1971). The Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are on going state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994)(citations omitted). Here, each of the Proposed Plaintiffs have demanded a jury trial and will have their day in court to contest the validity of the tickets. If no trial occurs, those tickets will be dismissed by virtue of the South Carolina Supreme Court's recent Order. The validity of those criminal charges implicate an important interest for the co-defendants who have right to prosecute and/or dismiss tickets. Federal substantive due process rights can be raised in the criminal proceeding. While the Defendant believes dismissal of this complaint is appropriate, in the alternative, and at a minimum, abstention is appropriate.

     **2.**    **PLAINTIFFS CANNOT SUSTAIN THEIR CLAIM AGAINST ITRAFFIC BECAUSE THE CLAIM IS NOT RIPE.**

A court cannot decide a claim that is not ripe for adjudication. Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003). The ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract agreements over administrative policies." Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 200 (1983). In determining whether a case is ripe for review the court should consider (1) the fitness of the issues of judicial decision, and (2) the hardship to the parties of withhold court consideration." Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 188 (4th Cir. 2007). "An issue is not fit for review if it rests upon contingent future events that may no occur as anticipated, or [] may not occur at all." Id.

Here, the Proposed Plaintiffs are contesting the criminal charges below. If absolved of the charges, or if convicted of the charges by way of jury trial, those facts will be critical to know prior to any disposition of this case. It must be known how the criminal trial court rules, what it rules, and whether those defendants appeal a conviction, if a conviction, in fact, occurs. In short, the claims of Proposed Plaintiffs is not ripe until their criminal charges adjudicated with finality. Otherwise, this Court is intertwined with the state criminal court. Alternatively, if the charges are dismissed, then for all the reasons previously staked by the Court in it's April 28, 2011, decision, the lawsuit should be dismissed.

     **3.**    **PLAINTIFFS CANNOT SUSTAIN THEIR CLAIMS AS A MATTER OF LAW, EVEN IF THE COURT DETERMINES THEY HAVE STANDING.**

1.    <u>Civil Conspiracy</u>.

The allegations of Civil Conspiracy are found at ¶¶ 121-23 of the First Amended Complaint.

These allegations do not contain any factual allegations of "special damages" and allege no "additional acts in furtherance of the conspiracy." In the absence of these required allegations, the cause of action must be dismissed. See Hackworth v. Grewood at Hammett, LLC, 682 S.E.2d 871 (S.C. Ct. App. 2009); see also, PCS Nitrogen, Inc. v. Ross Development Corp., 2010 WL 3893619 *11-12 (D.S.C. 2010)(Seymour, J.)(holding "damages allegedly resulting from the conspiracy must not overlap with or be subsumed by the damages resulting from the other claims").

In Hackworth, the Court of Appeals held that dismissal under Rule 12(b)(6) was appropriate where complaint alleging civil conspiracy was made, but no "additional acts in furtherance of a conspiracy" where made. Further, there must be "special damages" to sustain a claim for civil conspiracy and no such allegations are present. Id. at 874-75. The Complaint at bar merely repeats and realleges the same form of damages and acts in each cause of action. Here, such a claim cannot be sustained as a matter of law.

2. RICO Allegations.

In short, the Plaintiffs seek to accuse iTraffic, as well as governmental entities, of committing crimes in order to avoid dismissal of their civil lawsuit (failure to provide a jury trial). "[T]his circuit will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims." Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1988). In order to prevail in a civil RICO action, "a plaintiff must prove that defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, commonly known as 'criminal RICO'." Professionals, Inc. v. Berry, 923 F.2d 849 (4th Cir. 1991). In so doing, they must prove six elements: "1) that a 'person' 2) through a 'pattern of racketeering activity' (3) directly or indirectly invests in, or maintains an interest in, or participates in (4) an 'enterprise," (5) the activities of which affect interstate or foreign

commerce, and (6) that he was injured by reason of this activity." Id.  The Fourth Circuit has indicated because of the criminal dimension of this claim it is analyzed on a case by case basis and no one element is determinative, but rather a "carefully considered judgment taking into account all the facts and circumstances of the particular case with special attention to the context in which the predicate acts occur is required." Id. (citing Parcoil Corp. v. Nowsco Well Service, Ltd., 887 F.2d 502, 504 (4th Cir. 1989)(quotation omitted)).

In the case at bar, the Court must take into consideration all the attenuating circumstances and arguments set forth herein and apply it to the RICO statute.  The underlying premise of the RICO claims are that the activity being performed by iTraffic is *illegal*.  All of the allegations of the Amended Complaint remain the same as the prior dismissed lawsuit.  The only substantive change is found at ¶16 where jury trials are allegedly not provided.  Even if true, there is no factual allegation that it is iTraffic who is refusing to provide such relief.  There is no allegation that iTraffic is the prosecutor or entity that determines whether a jury trial should be called.  Even if it were the entity in charge of scheduling jury trials, the Plaintiffs premise for iTraffic's alleged motivation defies common sense.  It is illogical to argue that iTraffic's motivation is money and at the same time contend that no jury trial can be afforded.  The Defendant cannot collect any money until such time as the offender is convicted, tried, or pleads guilty.  The Plaintiffs theory remains improper because it is rife with conclusory allegations and arguments which defy "judicial experience and common sense." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).  If it is assumed that iTraffic's motivation is money, then it would want the cases to go to trial sooner

rather than later. The contrary argument defies common sense.[6]

For all of the reasons previously argued, iTraffic has committed no crime, done nothing illegal, and violated no rights of the putative class. Thus, this cause of action must fail. The purported claim is not something that iTraffic has control and the same is not even alleged, i.e. deprivation of a jury trial. Plaintiffs have no standing to make the claims against iTraffic as they have sustained no injury at the hand of iTraffic, or alternatively the same is subject to abstention, or alternatively principals of ripeness preclude the claim.

## II.  CONCLUSION

Based on the foregoing arguments and authorities, iTraffic respectfully urges the Court to dismiss the First Amended Complaint.

This 17th day of June, 2011.

                                               Respectfully submitted,

                                               ELMORE & WALL, P.A.

                                               s/ Morgan S. Templeton
                                               Morgan S. Templeton (Fed ID# 7187)
                                               145 King Street, Suite 302
                                               Post Office Box 1200
                                               Charleston, South Carolina 29402
                                               (843) 329-9500
                                               Attorneys for iTraffic Safety, LLC

---

[6] See generally, Ippolito v. State of Florida, 824 F. Supp. 1562, 1575 (M.D. Fla. 1993)(citations omitted)(holding "the initiation of a law suit cannot constitute a predicate act, even if that law suit is malicious" dismissing RICO claims that criminal prosecution of unauthorized practice of law was actionable under RICO). Here, the predicate act (based upon the court's prior ruling) must be the lack of a jury trial. As held in Ippolito, even the commencement of a "malicious" prosecution is not actionable under RICO.

**CERTIFICATE OF SERVICE**

The undersigned employee of ELMORE & WALL, P.A. hereby certifies that on this __17th___ day of June, 2011 he served a copy of **SECOND MOTION TO DISMISS** by electronic mail, following this Court's ordinary practice, with which he is readily familiar and addressed to the persons hereinafter named, at the places and addresses stated below, which are the last known address, in Charleston, South Carolina:

**ADDRESSEE(S)**
J. Preston Strom, Jr.
Mario A. Pacella
Strom Law Firm, LLC
2110 N. Beltline Blvd., Ste. A
Columbia, South Carolina 29204

J. Todd Rutherford
The Rutherford Law Firm, LLC
Post Office Box 1452
Columbia, South Carolina 29202-1452

Ray A. Lord
Lord Law Firm, LLC
7436 Broad River Road, Ste. 110
Post Office Box 2735
Irmo, South Carolina 29063
**ATTORNEYS FOR PLAINTIFFS**

                                                 _s/ Morgan S. Templeton_
                                                 Morgan S. Templeton (#7187)