IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION DIVISION
CIVIL ACTION NO.  9:10-CV-3227-SB

| | |
|---|---|
| Marcos Bognar,<br>Andrew Skorjanc,<br>Paul C. Liebrecht,<br>on behalf of themselves and all<br>others similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>Town of Ridgeland,<br>Ridgeland Police Department,<br>Gary Hodges,<br>Richard V. Woods,<br>iTraffic Safety, LLC,<br><br>    Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

The Town of Ridgeland and related defendants reiterate the arguments made in its prior memorandum to dismiss as if set forth herein verbatim    In addition, the Town defendants also incorporate by reference the arguments of iTraffic.   The plaintiffs have not added any new causes of action.  They have generically asserted that they are unable to secure jury trial and that the charges against them would therefore continue to exist.  However, the plaintiffs have not styled this as a new cause of action.   In fact, they have dropped causes of action alleging deprivation of constitutionally protected rights.  Perhaps this is because the constitutional right to a speedy trial is personal to the defendant and may be waived if the defendant does not make a demand for a speedy trial or dismissal.  Wheeler v. State, 247 S.C. 393, 147 S.E.2d 627 (S.C. 1966).  All of these plaintiffs had the right to demand a speedy trial which would resulted in either a scheduling of a trial or a dismissal.   None did so.  Lacking a constitutional violation, they have attempted to style

this a conspiracy and as a violation of the racketeering laws. Those causes of action have been adequately addressed in the prior memoranda and iTraffic's motion to dismiss. The Town of Ridgeland's only addition would be the fact that plaintiffs cannot transform their lack of a demand for a speedy trial into a cause of action for either conspiracy or racketeering where it does not even amount to a deprivation of constitutional rights under section 1983.

However, since the time of the last hearing, two significant developments have occurred which warrant the Court's consideration. The tickets against these plaintiffs were dismissed June 1, 2011. And, the traffic camera program was ended June 17, 2011 by operation of law and by actions of the Town of Ridgeland.

I.  THE TICKETS AGAINST THESE PLAINTIFFS WERE DISMISSED ON JUNE 1, 2011.

On June 1, 2011, Town dismissed a large number of iTraffic and non-iTraffic cases. The tickets issued to the plaintiffs in this action were dismissed in this group. Letters dismissing those tickets are attached as Exhibits A-C. To the extent these materials are outside the pleadings, the Town has styled this as a motion to dismiss, or in the alternative, for summary judgment.

These tickets were dismissed as a result of efforts to clear old cases in order to be able to comply with the Chief Justice's mandate to dispose of jury trial municipal and magistrate's court matters within 120 days.

The Town of Ridgeland respectfully submits that the cases of the plaintiffs in the instant case should now be dismissed consistent with this Court's prior order of April 28, 2011. At that time, this Honorable Court dismissed the civil cases of those plaintiff whose

charges were dismissed in open court.

Although the plaintiffs claim they are unable to secure a jury trial, now that their claims have been dismissed, they no longer need a jury trial. It is well settled that the prosecution has discretion to dismiss charges and no defendant has the right to object to a dismissal and to proceed with a jury trial.

II.     IN RESPONSE TO NEW LEGISLATION, THE PROGRAM HAS ENDED.

A second development in this case involves legislation signed into law June 17, 2011 banning a Ridgeland-type program, whether the cameras are monitored or unmonitored. In anticipation of this legislation's likely passage, the Town of Ridgeland suspended the camera enforcement program during the month of June. Upon the legislation being signed into law by the Governor, the Town of Ridgeland ended the iTraffic program and dismissed all pending tickets at open court on the next day that the municipal judge was on the bench which was the following Monday, June 20, 2011. The Town is no longer accepting funds from the iTraffic tickets.

This development renders moot any and all requests related to either injunctive relief or declaratory relief.

### CONCLUSION

Accordingly, plaintiffs' case should be dismissed and ended and judgment granted in favor of the defendants.

*SIGNATURE ON FOLLOWING PAGE*

                                                s/Timothy A. Domin
                                                Timothy A. Domin (#5828)
CLAWSON & STAUBES, LLC
126 Seven Farms Dr., Suite 200
Charleston, South Carolina 29492-8144
(843) 577-2026

Attorneys for Defendants, Town of Ridgeland, Ridgeland Police Department, Gary Hodges, and Richard V. Woods

Charleston, South Carolina

June 27, 2011