IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JEREMY GLENN AHLUM, MARK WILLIAM EMERY and JAMES GARY GAIN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | C.A. No.: 9:10-cv-3227-SB |
| Plaintiffs, | ) ) | |
| -versus- | ) ) | **iTRAFFIC SAFETY, LLC's** |
| | ) | **REPLY MEMORANDUM** |
| TOWN OF RIDGELAND, RIDGELAND POLICE DEPARTMENT, GARY HODGES, RICHARD V. WOODS, OFFICER J. LOWTHER, OFFICER B. DOBBS, OFFICER D.R. SWINEHAMER and iTRAFFIC SAFETY, LLC, | ) ) ) ) ) ) ) | **SUPPORTING ITS SECOND MOTION TO DISMISS** |
| Defendants. | ) ) | |

## INTRODUCTION

The Defendant, iTraffic Safety, LLC ("iTraffic"), submits this Reply Memorandum in support of it's Second Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. As the Court is aware, the Court previously dismissed much of the Plaintiffs lawsuit on April 28, 2011. The Court did allow a limited amendment to the Complaint. See [Doc. #31].[1]

In addition to the three new Plaintiffs, the Plaintiffs' First Amended Complaint asserts three causes of action: 1) 18 U.S.C. § 1962(c) violations; 2) 18 U.S.C. § 1962(d) violations ("RICO");

---

[1] The first amended complaint replaces the dismissed Plaintiffs with three (3) new individuals, to wit: Marcos Bognar, Andrew Skorjanc, and Paul C. Liebrecht (collectively "Plaintiffs").

and 3) civil conspiracy. The Plaintiffs now abandon their civil conspiracy claim against iTraffic. [Doc. #39 at p. 14]. The sole remaining "class" of persons within this lawsuit are those persons who have demanded a jury trial in the pending criminal matter, but who have not yet received a jury trial. See [Doc. #31 at ¶ 100]. However, according to the Town of Ridgeland ("Town"), those tickets have been dismissed. [Doc. #36]. Thus, these individuals fall squarely in the category of persons this Court previously adjudicated as not able to maintain suit against any Defendant in this case. [Doc. #31].

A dismissal of this remaining cause of action is appropriate for many of the reasons previously explained to the Court. Dismissal is proper because the Plaintiffs' (1) lack standing to seek redress because they have suffered no injury in fact; and (2) the RICO claims fail as a matter of law because the claims defy "logic and judicial experience" making them subject to dismissal under Twombly and its progeny.

## ISSUE

The sole remaining issue is whether the new Plaintiffs, despite having demanded a jury trial for their traffic charges and having those charges dismissed, may maintain a RICO claim against iTraffic? This issue is presented with the caveat and understanding by the undersigned counsel that the Court previously *denied* the Plaintiffs' two motions to amend seeking leave to assert claims under RICO *on behalf of persons who's tickets were dismissed, as well as those who posted and forfeited their bonds*. [Doc. #31].[2]

---

[2] The understanding by counsel below following the Court's ruling in April was that the only legal concern the Court had related to the ability to have or not have jury trials for the criminal defendants charged with speeding by the Town. If the undersigned is wrong, all prior arguments and briefs are adopted by reference pursuant to Rule 10.

<u>LAW & ARGUMENT</u>

    1.    STANDING

"[A] standing argument can be properly made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, '[a] challenge to the standing of a party raises the issue of justiciability and implicates the subject matter of a federal district court.'" <u>Moss v. Spartanburg County Sch. District</u>, 676 F. Supp.2d 452, 456 n.1 (D.S.C. 2009). "Therefore, a motion to dismiss for want of standing is properly brought under Rule 12(b)(1)." <u>Id.</u>

First, iTraffic believes the Court has already ruled upon the issue of standing as it relates to persons who's tickets were dismissed. They have no injury and thus, no standing. The only remaining issue is related to those persons who demanded but had not yet received a trial. Those persons have since had their tickets dismissed, thus, unless the undersigned does not apprehend the Court's prior decision these Plaintiffs have no injury and, thus, no standing. Plaintiffs' own class definition supports this conclusion, i.e. "[a]ll persons who were sent a State of South Carolina Uniform Traffic Ticket . . . and have demanded a jury trial . . . ." [Doc. #33 at ¶ 100]. As the cases have been dismissed, so, too, should this Court dismiss this action for the reasons previously argued by the defense.

Second, the United States Supreme Court, Fourth Circuit Court of Appeals, and the United States District Court for South Carolina have all held that there are three requisites for standing:

> 1. First the plaintiff must have suffered and 'injury in fact' – an invasion of a legally protected interest which is (a) concrete, and particularized, and (b) actual or imminent.
>
> 2. Second there must be a causal connection between the injury and the conduct complained of, i.e. the injury has to be fairly traceable to the challenged action of the defendant.

> 3. Third, it must be likely that the injury will be redressed by a decision favorable to the plaintiffs.
>
> In the shorthand analysis of standing, these three basic requirements are referred to as injury-in-fact, causation, and redressability."
>
> Planned Parenthood v. Boykin Rose, 236 F. Supp.2d 564, 567 (D.S.C. 2002), *aff'd*, 2004 U.S. App. LEXIS 5342 (4th Cir. 2004); Lugan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

In this case, Plaintiffs cannot satisfy, at a minimum, the first two requisite elements.

The Plaintiff has not suffered an "injury in fact" *at the hand* of iTraffic. A person complaining that a defendant's actions will make criminal activity more difficult lacks standing because his interest is not "legally protected." Initiative Referendum Inst., v. Walker, 450 F.3d 1082, 1093 (10th Cir. 2006). (citing 13 Charles Alan Wright, et al., *Federal Practice and Procedure* §3531.4 (2d ed. Supp.2005); Bell v. Redflex Traffic Systems, Inc., 2010 WL 1141646 (5th Cir. 2010); and Bell v. Redflex Traffic Systems, Inc., 2010 WL 1141639 (5th Cir. 2010). Without the invasion of a "legally protected" interest, there can be no "actual injury" for Article III standing purposes. Here, the Plaintiffs are not arguing they did not commit a crime, rather they argued that they cannot or did not receive a jury trial – though one was been demanded. Plaintiffs' do not, however, allege that a speedy trial motion has been denied, nor do they allege that a jury trial has actually been sought and denied versus requested and not called for trial. The Plaintiffs do not allege that iTraffic serves as the prosecutor, the clerk of court, the judge, or otherwise have any ability to control the docket of the traffic court in Ridgeland. In short, they have not alleged these facts because they do not exist. If there is a deprivation of a jury trial – which is denied – it does not come at the hand of iTraffic, nor is it alleged as such.

Even assuming, *arguendo*, that a jury trial is being denied to the Plaintiffs, the relief sought from the Plaintiffs presumably would be either 1) that a jury trial be provided; or 2) a dismissal of the action. See State v. Evans, 688 S.E.2d 583 (S.C. Ct. App. 2009)(setting forth elements for failure to provide speedy trial which justify dismissal of case); State v. Dukes, 182 S.E.2d 286, 288 (S.C. 1971)("A speedy trial does not mean an immediate one. . . it simply means a trial without unreasonable and unnecessary delay"). In fact, the cases have been dismissed. Thus, the remedy has been provided. There is no actual or imminent harm. There is no harm since the proposed new Plaintiffs had the right to contest these criminal charges in the criminal proceeding itself and were successful. Since successful, there is no harm to Plaintiffs, because there has been no harm to them for the reasons previously articulated by the Court.

Next, even if it were assumed that the Plaintiffs had been injured by iTraffic, that injury must be "causally" connected to the acts of iTraffic. This cannot occur because by the Plaintiffs own proposed pleading, iTraffic has done nothing – factually – related to the trial and/or lack thereof except enter into an agreement with the Town and provide its law enforcement department with information for it to use, if it chooses, in the enforcement of its traffic laws. Thus, there can be no causal link between alleged the injury and the act(s) of iTraffic as it relates to the jury trial demand.

Finally, "[i]n any litigation, including a purported class action, the named plaintiffs must allege and prove standing in their own right to bring the suit." Ross-Randolph v. Allstate Ins., 2001 U.S. Dist. LEXIS 25645 (D. Md. 2001) (citing Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 40 n. 20 (1976) (explaining that an individual who seeks to bring a class action must allege and show that he personally has been injured, "not that injury has been suffered by other, unidentified members of the class to which . . . [he] belong[s] and which . . . [he] purports to

-5-

represent.")). The existence of a wrong on a defendant's part without an injury to the plaintiff lacks a basis for redress. Adams v. Bethlehem Steel Corp., 736 F.2d 992, 994 (4th Cir. 1984)(citation omitted).

### 2. RICO ALLEGATIONS.

In short, the Plaintiffs seek to accuse iTraffic, as well as governmental entities, of committing crimes in order to avoid dismissal of their civil lawsuit (failure to provide a jury trial). "[T]his circuit will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims." Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1988). In order to prevail in a civil RICO action, "a plaintiff must prove that defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, commonly known as 'criminal RICO'." Professionals, Inc. v. Berry, 923 F.2d 849 (4th Cir. 1991). In so doing, they must prove six elements: "1) that a 'person' 2) through a 'pattern of racketeering activity' (3) directly or indirectly invests in, or maintains an interest in, or participates in (4) an 'enterprise," (5) the activities of which affect interstate or foreign commerce, and (6) that he was injured by reason of this activity." Id. The Fourth Circuit has indicated because of the criminal dimension of this claim it is analyzed on a case by case basis and no one element is determinative, but rather a "carefully considered judgment taking into account all the facts and circumstances of the particular case with special attention to the context in which the predicate acts occur is required." Id. (citing Parcoil Corp. v. Nowsco Well Service, Ltd., 887 F.2d 502, 504 (4th Cir. 1989)(quotation omitted)). Additionally, a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property *by the conduct constituting the violation*." Sedima v. Imrex Co. Inc., 473 U.S. 479, 496-97 (1985) (emphasis added). Here, the conduct itself caused no damage. Plaintiffs damage is arguably an attorney fee

for contesting the charges and failure to have a jury trial. That conduct caused no injury. Further, these Plaintiffs hired counsel, according to the Lord affidavit, in December 2010, thus, the retention of counsel was not due to the failure to provide a jury trial. Rather, they intended to contest the ticket itself from the outset of the charges.

In the case at bar, the Court must take into consideration all the attenuating circumstances and arguments set forth herein and apply it to the RICO statute. The underlying premise of the RICO claims are that the activity being performed by iTraffic is *illegal*. All of the allegations of the Amended Complaint remain the same as the prior dismissed lawsuit. The only substantive change is found at ¶16 where jury trials are allegedly not provided. Even if true, there is no factual allegation that it is iTraffic who is refusing to provide such relief. There is no injury at the hand of iTraffic. There is no allegation that iTraffic is the prosecutor or entity that determines whether a jury trial should be called. Even if it were the entity in charge of scheduling jury trials, the Plaintiffs premise for iTraffic's alleged motivation defies common sense. It is illogical to argue that iTraffic's motivation is money and at the same time contend that no jury trial can be afforded. The Defendant cannot collect any money until such time as the offender is convicted, tried, or pleads guilty. The Plaintiffs theory remains improper because it is rife with conclusory allegations and arguments which defy "judicial experience and common sense." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009). If it is assumed that iTraffic's motivation is money, then it would want the cases to go to trial sooner rather than later. The contrary argument defies common sense.[3]

---

[3] See generally, Ippolito v. State of Florida, 824 F. Supp. 1562, 1575 (M.D. Fla. 1993)(citations omitted)(holding "the initiation of a law suit cannot constitute a predicate act, even if that law suit is malicious" dismissing RICO claims that criminal prosecution of unauthorized practice of law was actionable under RICO). Here, the predicate act (based upon the court's prior ruling) must be the lack of a jury trial. As held in Ippolito, even the

For all of the reasons previously argued, iTraffic has committed no crime, done nothing illegal, and violated no rights of the putative class. Thus, this cause of action must fail. The purported claim is not something that iTraffic has control over and the same is not even alleged, i.e. deprivation of a jury trial by iTraffic. Plaintiffs have no standing to make the claims against iTraffic as they have sustained no injury at the hand of iTraffic.

## CONCLUSION

Based on the foregoing arguments and authorities, iTraffic Safety, LLC respectfully urges the Court to dismiss this matter pursuant to Rules 12(b)(1), 12(b)(6), and principals of standing, and to grant the Defendant such other and further relief as the Court deems appropriate.

This 22th day of July 2011.

                Respectfully submitted,

                WALL TEMPLETON & HALDRUP, P.A.

                s/ Morgan S. Templeton
                Morgan S. Templeton (Fed ID# 7187)
                145 King Street, Suite 300
                Post Office Box 1200
                Charleston, South Carolina  29402
                (843) 329-9500
                Attorneys for iTraffic Safety, LLC

---

commencement of a "malicious" prosecution is not actionable under RICO.

# CERTIFICATE OF SERVICE

The undersigned employee of WALL TEMPLETON & HALDRUP, P.A. hereby certifies that on this   22nd    day of July, 2011 he served a copy of **REPLY MEMORANDUM SUPPORTING ITS SECOND MOTION TO DISMISS** by electronic mail, following this Court's ordinary practice, with which he is readily familiar and addressed to the persons hereinafter named, at the places and addresses stated below, which are the last known address, in Charleston, South Carolina:

**ADDRESSEE(S)**
J. Preston Strom, Jr.
Mario A. Pacella
Strom Law Firm, LLC
2110 N. Beltline Blvd., Ste. A
Columbia, South Carolina 29204

J. Todd Rutherford
The Rutherford Law Firm, LLC
Post Office Box 1452
Columbia, South Carolina 29202-1452

Ray A. Lord
Lord Law Firm, LLC
7436 Broad River Road, Ste. 110
Post Office Box 2735
Irmo, South Carolina 29063
**ATTORNEYS FOR PLAINTIFFS**

                                     s/ Morgan S. Templeton
                                     Morgan S. Templeton (#7187)