IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CIVIL ACTION NO.  9:10-CV-3227-SB

| | | |
|---|---|---|
| Marcos Bognar,<br>Andrew Skorjanc,<br>Paul C. Liebrecht,<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>Town of Ridgeland,<br>Ridgeland Police Department,<br>Gary Hodges,<br>Richard V. Woods,<br>iTraffic Safety, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **RIDGELAND DEFENDANTS' REPLY<br>TO PLAINTIFFS' MEMORANDUM IN<br>OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS AND FOR<br>SUMMARY JUDGMENT** |

The Defendants, Town of Ridgeland, Ridgeland Police Department, Gary Hodges

and Richard V. Woods, responding to Plaintiffs' Memorandum in Opposition to Defendants'

Motion to Dismiss and the Ridgeland Defendants' Motion for Summary Judgment, would

state as follows:

1.     PLAINTIFFS' TICKETS HAVE BEEN DISMISSED AND THEY SHOULD BE
       TREATED AS CATEGORY TWO PLAINTIFFS PURSUANT TO THE COURT'S
       APRIL 28, 2011 RULING.

At the April 28, 2011 hearing, this Court divided the potential plaintiffs into three

groups: (1) those who had paid their tickets and forfeited bond, (2) those who had their

tickets dismissed, and (3) those whose tickets were still pending.  The Court dismissed the

civil claims of those persons in the first category who had paid their tickets. The Court also

dismissed (or more accurately refused to allow an amendment of the pleadings) as to

category two claimants who had their tickets dismissed.    The Court concluded that these

persons also lacked standing.  But, as to the third category, the Court allowed the plaintiffs

to amend the pleadings to attempt to allege standing through assertions related to the

inability to secure a timely jury trial.

As is noted in the Town Defendants' filings, tickets against these plaintiffs were

dismissed June 1, 2011 and all remaining iTraffic tickets were dismissed June 20, 2011.

Thus, as of June 1, 2011, the remaining plaintiffs in this civil case are no different than the

plaintiffs whose claims the Court dismissed in its April 28, 2011 ruling.   The only possible

standing the Court allowed the plaintiffs to allege was related to the potential issue of delay

or impossibility of obtaining jury trials.   With the charges dismissed, these plaintiffs have

no legally cognizable protected interest at stake to afford them standing.  In an effort to

overcome this standing obstacle, plaintiffs argue that "these dismissals do not provide a

remedy to plaintiffs who suffered injury to their property . . . . [E]ach plaintiff paid counsel

to represent him . . . "  Plaintiff's Memorandum, Docket # 39 at p. 15.   However, it is

apparent that retention of legal counsel had nothing to do with alleged delays in securing

jury trials.  The undisputed facts show these plaintiffs hired counsel within days of being

ticketed, not as a result of alleged court delays.

The present plaintiffs make no response in their memorandum to the argument that

they have no protected property interest to demand the prosecuting authority conduct a

jury trial instead of dismissing criminal charges.    Like the other category two plaintiffs,

none of the persons issued citations were deprived of liberty pending trial.   None were

deprived of property while pending trial as they each had the option of paying their fine

after their trial.  Anyone demanding a jury trial who paid bond in advance had their bond

2

refunded upon dismissal.

That plaintiffs paid attorney fees is not sufficient to confer standing, at least not related to the issue of a speedy trial.  The complaint reveals the plaintiffs were ticketed between November 19 and November 27, 2010.  Attorney Lord's affidavit shows he was hired in December 2011 to represent these individuals.  Thus, the retention of counsel within a month of receiving a ticket in the mail is not connected to any alleged delay in being provided a jury trial.

Plaintiffs have not conformed their pleadings to the Court's April 2011 ruling.  The gist of the Court's ruling related to concerns jury trials might never be afforded to category three plaintiffs, the present complaint retains all of the allegations related to alleged illegality and impropriety of the ticketing system and fails to allege standing that is proximately connected to the issue of whether there was delay in affording jury trials. While the Town respectfully submits that the right to a speedy trial was waived by failing to make a motion for a speedy trial, all the present plaintiffs are now in the second category and lack standing as a result of their tickets being dismissed.  The attorneys fee argument does not create standing for these plaintiffs relative to issue of delays in obtaining jury trials because clearly the retention of counsel was not because of a delay in securing jury trials.

II.    EVEN APART FROM STANDING, THE RICO ALLEGATIONS MUST FAIL.

The plaintiffs have attempted to allege for their first and second causes of action violations of the federal racketeering laws otherwise known at the Racketeer Influenced and Corrupt Organizations Act. ("RICO") based on certain alleged predicate offenses of mail fraud, wire fraud, and other criminal offenses.   The its present iteration, the plaintiffs' complaint only makes these claims against iTraffic, Ridgeland Mayor Hodges and

3

Ridgeland Chief of Police Woods and not against the Town.  Once again, the Town

Defendants would reiterate the arguments made by iTraffic and by the Town defendants

in prior memoranda. However, in reply the Town Defendants would like to draw the Court's

attention to several areas.

The standard for a 12(b)(6) motion has decidedly changed since the Supreme

Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal,

129 S. Ct. 1937 (2009).   The complaint must be "plausible on its face."  Twombly at 570.

While the complaint need not contain detailed factual allegations, there "must be enough

to raise a right to relief above the speculative level," such that mere "labels and

conclusions, and a formulaic recitation of the elements of the cause of action will not do."

Id. at 555.

The Fourth Circuit has indicated that it will not generally permit ordinary disputes to

be transformed into RICO claims.    Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 538 (4th

Cir. 1988).   Plaintiff claims predicate offenses of mail and wire fraud, 18 U.S.C. §§ 1341,

1343, the "gravamen of [which] is the scheme to defraud." Bridge v. Phx. Bond & Indem.

Co., 553 U.S. 639, 647 (2008); see also S. Atl. Ltd. P'ship of Tenn., L.P. v. Riese, 284 F.3d

518, 531 (4th Cir. 2002) ("[M]ail fraud requires that a defendant act with specific intent to

defraud.".   The Fourth Circuit has also made clear that with respect to the eight elements

of a RICO allegation "special attention to the context in which the predicate acts occur . .

." when attempting to evaluate whether the standards for a criminal enterprise have been

met. Professionals, Inc. v. Berry, 923 F.2d 849 (4th Cir. 1991).

In light of the specific-intent requirement, the Town of Ridgeland cannot be held

liable under RICO, since "a municipality cannot form the requisite criminal intent to

establish a predicate act." Frooks v. Town of Cortlandt, 997 F. Supp. 438, 457 (S.D.N.Y. 1998) (collecting cases), aff'd on opinion below, 182 F.3d 899 (2d Cir. 1999); accord Rogers v. New York City, 359 F. App'x 201, 204 (2d Cir. 2009); Curtis v. Wilks, 704 F. Supp. 2d 771, 786 (N.D. Ill. 2010).  "Because the Town cannot be held liable under RICO as a matter of law, neither may the Town employees in their official capacities".  Frooks, 997 F. Supp. at 457.

While plaintiffs superficially allege they are suing Hodges and Woods in their individual capacities,  the Plaintiffs do not allege that the individual Defendants acted for their own personal benefit as would be required to establish individual liability for a Town employee.  In fact, plaintiffs specifically allege that Hodges and Woods participated in the program "for the purpose to generate revenue for the Town."  Amended Complaint ¶ 110. There is no allegation that the Mayor and Police Chief operated a secret, clandestine or unauthorized program, indeed the contract with iTraffic was approved by the a duly-elected Town Council.    Even if the "primary purpose" of the program was revenue collection, which is expressly denied by the Town, plaintiffs fail to allege how revenue collection is an illegal objective for a municipality or how collecting revenue to pay the Town's expenses is an improper objective for a Town official.

The facial plausibility standards mandated by Twombly and Iqbal and as viewed the prism of Flip Mortgage and Professionals demonstrate something far less than plausible allegations of a criminal enterprise or intent to commit mail fraud, wire fraud and other offenses.  None of the allegations are more than superficial labels of illegality and criminal racketeering enterprise.  And, to the extend the Town defendants must act in their individual capacities in order to be liable under RICO, the complaint does not even attempt

5

to allege a credible claim that Hodges or Woods acted outside the course and scope of their official capacities for personal gain.

III.     EVEN APART FROM STANDING, THE CIVIL CONSPIRACY COUNT MUST FAIL.

Defendant iTraffic did an excellent job in its memorandum addressing the defects of the civil conspiracy claim.  As was noted by iTraffic's memorandum, Document 35 at p. 9-10, the plaintiffs failed to make any factual allegation of special damages beyond its other causes of action and failed to allege additional acts in furtherance of the alleged conspiracy.    The Town defendants incorporated these arguments by reference.    In response, plaintiffs conceded iTraffic's arguments as to the need for special damages and agreed to dismiss the civil conspiracy allegations against iTraffic. [Docket # 39 at p. 14]. Plaintiff however did not dismiss those allegations against the Town of Ridgeland.

In addition to the issues of standing, addressed above, the civil conspiracy allegations against the Town should be dismissed for the same reasons raised by iTraffic. Additionally, with iTraffic out of the alleged conspiracy, the Town cannot be said to have conspired with itself.  Anderson v. Southern. Ry. Co., 224 S.C. 65, 69, 77 S.E.2d 350, 351 (1953)(where nonsuit was granted against one defendant, conspiracy cause of action could not stand against a sole remaining defendant).   Nor could an allegation survive that the Town conspired with and among its various employees, officials and departments. McClain v. Pactiv Corp., 360 S.C. 480,  602 S.E.2d 87 (Ct. App. 2004) (corporation cannot conspire with itself).    Nor can it be said the Town's Mayor and Police Chief acted in their individual capacities, see above.

CONCLUSION

For the reasons stated above, the Town Defendants' motion to dismiss, or in the alternative, for summary judgment, should be granted.

CLAWSON AND STAUBES, LLC


s/Timothy A. Domin
Timothy A. Domin (#5828)
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492-8144
(843) 577-2026

Attorney for the Defendants, Town of Ridgeland, Ridgeland Police Department, Gary Hodges and Richard V. Woods

Charleston, South Carolina

July 27, 2011